UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 17-23732-A-13J |
| | ) | |
| GREGORY and CHRISTINE ALLEN, | ) | Docket Control Nos. LGB-1 |
| | ) | AND JPJ-1 |
| | ) | |
| Debtors. | ) | Date: October 2, 2017 |
| | ) | Time: 2:30 PM |
| | ) | |

**MEMORANDUM**

In connection with their attempt to confirm a chapter 13 plan, the debtors, Gregory and Christine Allen, filed a motion to avoid a judicial lien held by the respondent, the Estate of Gisele Boulrice. That judicial lien encumbers the debtors' home in rural Nevada County.

There is no dispute that the debtors are entitled to a $175,000 exemption in their home, that it is encumbered by an unavoidable lien held by Quicken Home Loans in the amount of $200,806,[1] and that the respondent's lien is a judicial lien securing a claim of $86,529.28. The only disputed fact is the value of the home. The debtors maintain that it is worth $375,000 while the respondent believes it is worth $425,000.

If the debtors are correct, application of the formula in 11 U.S.C. § 522(f)(2)(A) will result in the avoidance of the

---

[1] The court takes judicial notice of Quicken Home Loan's proof of claim filed on July 31, 2017.

respondent's lien.  If the respondent is correct, its lien will be partially avoided.

Section 522(f)(2)(A) provides that a judicial lien impairs an exemption to the extent the sum of the judicial lien, the unavoidable lien, and the debtors' exemption amount exceeds the value of the property.

| | |
|---|---|
| JUDICIAL LIEN | $ 86,529.28 |
| UNAVOIDABLE LIEN | $200,806.00 |
| EXEMPTION | <u>$175,000.00</u> |
| **TOTAL** | $462,335.28 |

Because $462,335.28 exceeds the debtors' valuation of $375,000 by $87,335.28, the entire judicial lien of $86,529.28 is avoidable.

However, at the respondent's valuation of $425,000, only $37,335.28 impairs the debtors' exemption.  A portion of the judicial lien, $49,194, will not be avoided.

On the issue of value, the court received the testimony of two appraisers, Gia Grim for the debtors and Yan Feiler for the respondent.  In the court's view, there are two possible material reasons for their differing valuations.

The debtors' home uses well water.  Their well is not adequate.  In the best of times it produces around a gallon a minute.  At that rate, there is insufficient water for landscaping and constant conservation by the homeowners is necessary.  In summer months, the well frequently goes dry requiring potable water to be trucked to the property.

Paradoxically, the home is located very close to Rollins Lake.  Perhaps for that reason, there is hope that drilling a new

2

well or deepening the existing well will improve the home's water supply.  However, this will cost in the neighborhood of $10,000 to $21,000.

In arriving at her $375,000 valuation, Ms. Grim adjusted her comparable sales by $20,000 to account for the debtors' unreliable water supply.

Mr. Feiler, based on the estimates to deepen the well or drill a new one, adjusted his opinion downward approximately $17,000 to account for the estimated cost of acquiring a reliable water supply.

While each appraiser's approach to factoring the water problem into their valuation may have been different, the result is largely the same.  This, then, does not explain their different valuations.

The other material issue affecting value is the size of the debtors' home.  In Ms. Grim's appraisal, she reports the home's total area as 1856 square feet.  Mr. Feiler indicates that it is 2301 square feet, a difference of 448 square feet.

Ms. Grim excluded this 448 square feet because it is comprised of three "unpermitted" additions to the house.  She considered this space bonus space and attributed only $10,000 of value to it.

Mr. Feiler, in addition to comparing the debtors' home to other comparable properties, estimated value based on the cost to replace the home.  He estimated it would cost $165.50 a square foot to replace the dwelling space.  This means it would cost approximately $74,000 to rebuild the 448 square feet.  After discounting the $74,000 to account for physical and functional

1  depreciation of the home, this largely explains the $50,000

2  difference in the valuations by Ms. Grim and Mr. Feiler.

3      Because the home as well as the unpermitted additions were

4  constructed by Mr. Allen, they are of the same quality.  Given

5  this, and given that both appraisers acknowledged the likelihood

6  of having the additions inspected and retroactively permitted,

7  the court concludes that Ms. Grim's approach results in the home

8  being undervalued.

9      Also, Ms. Grim's estimate of the home's square footage at

10  1856 square feet meant that she selected smaller comparable

11  properties for comparison.  This skewed her opinion downward.

12      Therefore, the court determines that the value of the

13  debtors' home is $425,000 and that $37,335.28 of the respondent's

14  judicial lien impairs the debtors' exemption and it is avoided to

15  that extent pursuant to 11 U.S.C. § 522(f)(1)(A).

16      Turning to the chapter 13 trustee's objection to the

17  confirmation of the plan, his objection will be sustained.

18  Because the respondent holds a partially secured claim, because

19  the plan permits the debtors to retain the property encumbered by

20  that claim, and because the plan does not provide for the payment

21  of that secured claim, the plan does not comply with 11 U.S.C. §

22  1325(a)(5)(B).

23      The chapter 13 trustee and the attorney for the respondent

24  shall lodge conforming orders.

25  Dated: October 03, 2017            By the Court

26

27

28                                     _____
                                       Michael S. McManus
                                       United States Bankruptcy Judge

4

# Instructions to Clerk of Court
## Service List – Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC.

Gregory Douglas Allen
17920 Rollins View Drive
Grass Valley CA 95945

Christine Marie Allen
17920 Rollins View Drive
Grass Valley CA 95945

Jan P. Johnson
PO Box 1708
Sacramento CA 95812

Office of the U.S. Trustee
Robert T Matsui United States
Courthouse
501 I Street, Room 7-500
Sacramento CA 95814

Estate of Gisele Boulerice

C. Kipp Wordell

Galen M. Gentry
520 9th Street, Suite 102
Sacramento CA 95814

Lucas B. Garcia
251 Auburn Ravine Rd #107
Auburn CA 95603

Wordell Law Group c o Gisele
Boulderice
919 Reserve Drive Suite 105
Roseville CA 95678